UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

D<small>ELMAREY</small> M<small>ITCHELL</small> et al.,

        Plaintiffs,        Case No. 1:19-cv-988

v.        Honorable Janet T. Neff

U<small>NKNOWN</small> H<small>ADDEN</small> et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by two state prisoners under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiffs' *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiffs' allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiffs' complaint for failure to state a claim.

## Discussion

**I.    Factual allegations**

Plaintiffs are presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. The events Plaintiffs describe in their complaint took place at that correctional facility. Plaintiffs sue

MDOC Director Heidi Washington, as well as IBC personnel including Warden Matt Macauley, Assistant Deputy Warden James McBride, RUM Unknown Hadden, and Prison Counselor Craig A. Ritter.

Plaintiffs allege that, upon being charged with respective misconducts, they were each placed in punitive segregation for 10 days. After the 10 days in punitive segregation, each Plaintiff's misconduct was brought before the Security Classification Committee (SCC), comprised of Defendants Hadden, Ritter, and Macauley. The SCC required each Plaintiff serve additional time in administrative segregation as punishment for the same misconduct.

Plaintiffs contend that these successive punishments were applied as part of an unconstitutional process. First, prisoners who commit a class I misconduct have a hearing held before an administrative law judge. Those found guilty are placed in punitive segregation. Following punitive segregation, prisoners then receive a hearing before the SCC. The SCC routinely places these prisoners in administrative segregation. Following release from administrative segregation, SCC applies a scoresheet to determine whether the prisoner should have his security management level raised. Plaintiffs allege that three of the criteria for raising a prisoner's score are redundant, presumably making it easier for authorities to justify raising a prisoner's security level. Plaintiffs further contend they were placed in a higher security level in violation of conditions articulated on CSJ-481 (Prisoner Security Classification Screen form).

Plaintiffs seek compensatory and punitive damages.

## II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiffs allege that Defendants have violated their Fifth Amendment rights by subjecting each Plaintiff to successive punishments on a single offense, and their Eighth Amendment rights by punishing Plaintiffs cruelly and unusually.

## III. Fifth Amendment

Plaintiffs allege that they have been subjected to punishment more than once for the same offense in violation of Fifth Amendment to the U.S. Constitution when they were subjected to successive prison disciplinary proceedings for a single misconduct charge.

The Double Jeopardy Clause of the Fifth Amendment provides that, no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Although the language "jeopardy of life or limb" suggests the protection only applies to the most serious infractions, "the Clause has long been construed to mean something far broader than its literal language." *Breed v. Jones*, 421 U.S. 519, 527-28 (1975) (citing *Ex parte Lange*, 85 U.S. (18 Wall.) 163, 170-73 (1874)). The Clause prohibits "a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense." *Dep't of Revenue of Mont. v. Kurth Ranch*, 511 U.S. 767, 769 n.1 (1994) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).

However, the Double Jeopardy Clause does not apply to all punishments. "[J]eopardy describes the risk that is traditionally associated with a criminal prosecution." *Breed*, 421 U.S. at 528 (citing *Price v. Georgia*, 398 U.S. 323, 326, 329 (1970)). For that reason, the Supreme Court has determined that the Double Jeopardy Clause "'protects only against the imposition of multiple *criminal punishments* for the same offense and then only when such occurs in successive proceedings.'" *United States v. Beaty*, 147 F.3d 522, 524 (1998) (quoting *Hudson v. United States*, 522 U.S. 93, 99 (1997)). In other words, the risk that jeopardy describes "is not present in proceedings that are not 'essentially criminal.'" *Breed*, 421 U.S. at 528 (quoting

4

*Helvering v. Mitchell*, 303 U.S. 391, 398 (1938)). The Supreme Court has further held that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 555-56 (1974). Because "[p]rison disciplinary hearings are not part of a criminal prosecution . . . [they] do not implicate double jeopardy concerns." *Lucero v. Gunter*, 17 F.3d 1347, 1351 (10th Cir. 1994).

Thus, Plaintiffs' contention that their successive prison disciplinary proceedings violated the Double Jeopardy Clause of the Fifth Amendment fails because the Clause is not implicated by prison disciplinary hearings. Accordingly, Plaintiffs fail to state a Fifth Amendment claim against Defendants.

IV.  **Eighth Amendment**

Plaintiffs also claim that the conditions and restrictions imposed upon them when placed in segregation has violated their Eighth Amendment rights. Plaintiffs also claim that Defendants have "stacked charges" to place Plaintiffs in higher security levels.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every

unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

### A. Segregation

Plaintiffs cite no specific injury or harm that they have suffered as a result of their placement in segregation. Restrictions that are restrictive or even harsh, but are not cruel and unusual under contemporary standards, are not unconstitutional. *Rhodes*, 452 U.S. at 347. Thus, federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable.

Placement in segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347); *see also Jones v. Waller*, No. 98-5739, 1999 WL 313893, at *2 (6th Cir. May 4, 1999). Although it is clear that Plaintiffs were denied certain privileges as a result of their placement in segregation, they do not allege or show that they were denied basic human needs and requirements. The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges as a result of segregation cannot establish an Eighth Amendment violation. *See Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008). Moreover, Plaintiffs cannot bring an Eighth Amendment claim for emotional or mental damages because they do not allege a

6

physical injury. *See* 42 U.S.C. §1997e(e); *see also Hudson*, 503 U.S. at 5; *Harden-Bey*, 524 F.3d at 795.

As a result, Plaintiffs fail to state an Eighth Amendment claim against Defendants for placement in segregation. Accordingly, the Court will dismiss Plaintiffs' Eighth Amendment claim for their placements in segregation.

**B.     Security Level**

Plaintiffs further allege that they have been waived into higher security levels in violation of conditions articulated on the security classification screening form.

The Supreme Court repeatedly has held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim*, 461 U.S. at 245; *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976). The Sixth Circuit has followed the Supreme Court's rulings in a variety of security classification challenges. *See, e.g.*, *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (holding that prisoner had no constitutional right to be held in a particular prison or security classification); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (same); *Cash v. Reno*, No. 97-5220, 1997 WL 809982, at *1-2 (6th Cir. Dec. 23, 1997) (holding that prisoner's security classification, within a normal prison setting, does not constitute cruel and unusual punishment); *O'Quinn v. Brown*, No. 92-2183, 1993 WL 80292, at *1 (6th Cir. Mar. 22, 1993) (prisoner failed to state a due process or equal protection claim regarding his label as a "homosexual predator" because he did not have a constitutional right to a particular security level or place of confinement). Because Plaintiffs do not have a constitutional right to a particular security level or classification, they fail to state a claim.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiffs' complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court does not certify that an appeal would not be in good faith.

Should Plaintiffs appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiffs are barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If they are barred, they will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: January 15, 2020                /s/ Janet T. Neff
                                       Janet T. Neff
                                       United States District Judge